TRINETTE G. KENT (State Bar No. 025180)
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

*Of Counsel to*
Lemberg Law, LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Jessica Menchaca

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jessica Menchaca,<br><br>  Plaintiff,<br><br>  vs.<br><br>Browns New Credit Bureau, Inc. d/b/a Brown's Credit Bureau Collection; and DOES 1-10, inclusive,<br><br>  Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

For this Complaint, Plaintiff, Jessica Menchaca, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") and the intentional infliction of emotional distress by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Original and supplemental jurisdiction exists pursuant to 28 U.S.C. §§ 1331, 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. Plaintiff, Jessica Menchaca (hereafter "Plaintiff"), is an adult individual residing in Somerton, Arizona 85350, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant, Browns New Credit Bureau, Inc. d/b/a Brown's Credit Bureau Collection (hereafter "Brown's"), is an Arizona company with an address of 1700 1st Ave #211, Yuma, Arizona 85364, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Defendant and whose identities are currently unknown to Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Brown's at all times acted by and through one or more of the Collectors.

## **ALLEGATIONS APPLICABLE TO ALL COUNTS**

### A. **The Debt**

8. Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Brown's for collection, or Brown's was employed by the Creditor to collect the Debt.

11. Brown's attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. **Brown's Engages in Harassment and Abusive Tactics**

12. In or around September of 2014, Brown's contacted Plaintiff in an attempt to collect the Debt.

3

13. During the initial conversation with Brown's, Plaintiff advised Brown's that she was unable to make repayment at that time due to her employment situation. As such, Plaintiff requested that Brown's call her back in a month.

14. In response, during this same conversation, the Collector with Browns began berating Plaintiff and yelling at Plaintiff with extremely profane and abusive language, calling her a "lazy a** b****."

15. The Collector with Brown's also stated that she "did not give a f***" and told Plaintiff to get a job and pay her bills.

16. When Plaintiff objected to the Collector's conduct and tried to explain that her father was ill, the Collector with Brown's stated that she did not care, that Brown's was not in the business of customer service, and informed Plaintiff that she was going to run Plaintiff's social, and if she discovered that Plaintiff was working, then Brown's would take legal action against Plaintiff.

## **COUNT I**

## **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

## **15 U.S.C. § 1692, et seq.**

17. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

18. Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

19. Defendants used profane and abusive language when speaking with the consumer, in violation of 15 U.S.C. § 1692d(2).

20. Defendants threatened to take legal action, without actually intending to do so, in violation of 15 U.S.C. § 1692e(5).

21. Defendants used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f.

## COUNT II

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

22. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

23. The acts, practices and conduct engaged in by Defendants vis-à-vis Plaintiff was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

24. The foregoing conduct constitutes the tort of intentional infliction of emotional distress under the laws of the State of Arizona.

25. As a result of Defendants' intentional infliction of emotional distress, the Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendants.

26. All acts of Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendants are subject to punitive damages.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants as follows:

    A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

    B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

    C. Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

    D. Actual damages from Defendants for all damages, including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations in an amount to be determined at trial;

    E. Punitive damages; and

    F. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED: October 6, 2014					LEMBERG LAW, LLC


							By:  /s/  *Trinette G. Kent*
							Trinette G. Kent

							Attorney for Plaintiff,
							Jessica Menchaca